IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KAREN BANKS and ANTOINE BANKS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE NO. 1:11-cv-04049-SJC |
| v. | ) ) | |
| BAC HOME LOANS SERVICING LP and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS BANA AND FNMA'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Prepared by:

Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (Telephone)
(404) 443-5773 (Facsimile)
aphillips@mcguirewoods.com

COME NOW, BANA and FNMA (collectively, "Defendants") hereby file this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Amended Complaint.

## INTRODUCTION AND BACKGROUND

This lawsuit arises out of Plaintiffs' efforts to invalidate the lawful foreclosure of the subject property which occurred because Plaintiffs failed to make their mortgage payments. The lawsuit also seeks to prevent FNMA from enforcing the Order and Judgment that it was awarded in the lawful dispossessory proceeding previously pending in the Magistrate Court of Fulton County ("Dispossessory Proceeding").

In sum, Plaintiffs seek judicial intervention in Defendants' review of their home loan modification application under a federal program, the Home Affordable Modification Program ("HAMP"), and also allege that Defendants were not entitled to foreclose on the subject property because they have not complied with the foreclosure notice requirements under Georgia law. However, as set forth in detail below, both counts of the Amended Complaint fail to state a claim for wrongful foreclosure and must be dismissed for one or more of the following reasons: (1) courts have repeatedly held that there is no express or implied private right of action under HAMP; (2) Plaintiffs were not intended third-party

beneficiaries of the servicing contract between BANA and FNMA and, thus, have no standing to sue for breach of contract; (3) Plaintiffs' claims for violation of the statutory foreclosure notice requirements fail as a matter of law because compliance with the foreclosure statute is not dependent on Plaintiffs' receipt of the foreclosure notice, and an oral agreement not to foreclose is barred by the Georgia Statute of Frauds; and (4) Plaintiffs have not properly pled their claims for injunctive relief.

## STATEMENT OF FACTS[1]

### I.    Facts and Allegations

The facts alleged in the Amended Complaint are sparse but appear to concern real property located at 4427 Alysheba Drive, Fairburn, Georgia  30213-4345 (the "Property").  See gen. Am. Compl.  On or about October 24, 2007, Plaintiffs executed a Promissory Note (the "Note") to obtain a loan in the principal amount of $210,925.00, plus interest (the "Loan").  (A copy of the executed Note is attached hereto as Exhibit 1).[2]  As security for the Loan, Plaintiffs granted a

---

[1] The Defendants treat the allegations of the Amended Complaint as true only for the purpose of this Motion to Dismiss.

[2] The Court may consider documents attached to a motion to dismiss without converting the motion into one for summary judgment where the documents are central to Plaintiffs' claims and are undisputed (the authenticity of the document is not challenged).  Kabir v. Statebridge Co., LLC, 2011 U.S. Dist. LEXIS 109778 (N.D. Ga. September 27, 2011); Maxcess, Inc. v. Lucent Techs., Inc. 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).  The Note is central to Plaintiffs' claims

security deed in the Property to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Countrywide KB Home Loans ("Countrywide KB"), which was recorded at Deed Book 48597, Page 90, in the Fulton County, Georgia real estate records ("Security Deed"). (A copy of the executed and recorded Security Deed is attached hereto as Exhibit 2.)[3]    See also Ex. 1, ¶10; Am. Compl. Ex. A-C. The Security Deed includes a power of sale. See Ex. 2.

Plaintiffs do not dispute that they failed to make payments on the Loan or that they were in default under the Note and Security Deed. Rather, they allege that they "applied for mortgage assistance and relief under the Home Affordable Modification Program ("HAMP") in 2009" and "successfully participated" in a forbearance program. Am. Compl. ¶¶ 4, 10. Plaintiffs allege that they were "prematurely terminated from HAMP" at "some paid (sic) during either April, May or June of 2010" but should have received a loan modification. Am. Compl. ¶ 11. Plaintiffs claim that while being considered for relief under HAMP, a non-judicial foreclosure of the Property was conducted on September 7, 2010 and the

---

and is referred to throughout the exhibits that Plaintiffs attached to their Amended Complaint. (Am. Compl. Ex. A and C).
[3] On consideration of a motion to dismiss, a court may take judicial notice of public records not attached to a complaint. See Bryant v. Avado Brands, Inc., 187 F.3d 1272, 1280 (11th Cir. 1999). Further, the Security Deed is central to Plaintiffs' claims and may be considered without

Property was thereafter transferred to FNMA by a special-warranty deed recorded at Deed Book 49500, Page 521.  Am. Compl. ¶ 5; see Am. Compl. Ex. A.

Plaintiffs also contend that they were told by BANA "through its 'HAMP' program personnel" that the Property would not be sold at foreclosure until after a final decision had been made, and that on August 13, 2010, McCurdy & Candler, LLC (a non-party herein) ("McCurdy") told Plaintiffs that no foreclosure date had been set.  Am. Compl. ¶¶ 12- 13.  Plaintiffs claim that "as late as August 5, 2010, no foreclosure date had been set."  Am. Compl. ¶ 17(a).  Plaintiffs allegedly contacted BANA on September 16, 2010 and were purportedly told that their modification paperwork would be "sent to underwriting" and to call back on September 21, 2010 for a final decision.  Plaintiffs claim that they thereafter "learned from another source" that the foreclosure had taken place on September 7, 2010.  Am. Comp. ¶¶ 14-15.

Plaintiffs also allege that they did not receive the foreclosure notice sent on July 28, 2010 ("Foreclosure Notice") and further claim that they "do not believe that the [foreclosure] notice was actually sent to them, because they never received either the First Class Mail version of the notice or the certified mail version of the notice or any evidence of an attempted certified mail delivery."  Am. Compl. ¶ 16.,

---

converting Defendants' Motion to Dismiss to one for summary judgment.  See Maxcess, Inc. v.

Ex. C.  Plaintiffs further allege that the Foreclosure Notice was not "factually accurate" because "the entity having full authority to do the things spelled out in O.C.G.A. § 44-14-162.2, was Defendant Fannie Mae and Defendant BAC…"  Am. Compl. ¶¶ 29, 33.

## II.    Procedural History

On October 26, 2010, FNMA obtained an Order in the Magistrate Court of Fulton County providing a Writ of Possession for the Property, which was subsequently affirmed on appeal.[4]  Am. Compl. ¶ 18.  On March 3, 2011, *pro se* Plaintiff Karen Banks filed her Complaint in this action in the Superior Court of Fulton County, Georgia ("Complaint"), seeking to set-aside the foreclosure and to stay pending eviction proceedings.  See generally Compl.  BANA and FNMA filed their respective Answers on April 8, 2011, and, on August 31, 2011, jointly moved to dismiss Plaintiff's Complaint with prejudice.  Plaintiff Karen Banks thereafter retained counsel and sought to add Antoine Banks as a plaintiff, drop McCurdy as a defendant, and amend the Complaint.  On October 27, 2011, the Court issued an Order granting Plaintiff's motion to add Antoine Banks and to drop McCurdy ("Order").  As the Order created diversity jurisdiction and the matter first became

---

Lucent Techs., Inc. 433 F.3d 1337, 1340 n.3 (11th Cir. 2005).
[4] A final order denying Plaintiffs' appeal was entered on July 18, 2011.  Am. Compl. ¶ 19.

removable, Defendants removed the matter to this Court on November 23, 2011. Defendants now move to dismiss Plaintiffs' Amended Complaint with prejudice.

## STANDARD OF REVIEW

Federal Rules of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In ruling on the pending motion to dismiss, all of the well-pleaded factual allegations in Plaintiffs' Amended Complaint must be accepted as true and construed in the light most favorable to Plaintiffs. Young Apartments. Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). However, "unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U, S. 544, 555 (2007) (citations and quotations omitted). More specifically, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). To survive a Rule 12(b)(6) motion, "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" United Techs. Corp. v. Mazer, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting Twombly, 550 U.S. at 555).

## ARGUMENT

## I. THE AMENDED COMPLAINT MUST BE DISMISSED PURSUANT TO RULES 12(b)(6) AND 8 FOR FAILURE TO STATE A CLAIM GENERALLY.

In sum, the Amended Complaint consists of vague, conclusory statements lacking any factual support whatsoever and, as a result, does not raise Plaintiffs' right to relief above a speculative level. Thus, the Amended Complaint must be dismissed with prejudice under Rule 12(b)(6) and Rule 8.

### A. The Amended Complaint Fails to State a Short, Plain Statement of Any Claim and, Therefore, Fails to Provide Notice of a Claim to Defendants.

The Amended Complaint fails to contain a fact-based statement of a claim against Defendants and must be dismissed.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed.R.Civ.P. 8(a). "Rule 8 …does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S. Ct, 1937, 1950 (May 18, 2009) (emphasis added); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Under Twombly and Iqbal, a plaintiff must plead facts to support a reasonable inference that there has been some wrongdoing. Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570.

Further, to properly state a claim, Plaintiffs must allege a factual basis for each element of each claim they assert, setting forth "enough factual matter (taken as true) to suggest [each] required element." See Watts v. Fla. Intern. Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). Pleading deficiencies that warrant dismissal include (1) "confused and rambling narrative of charges and conclusions," (2) "untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," and (3) failing to allege "with even modest particularity the dates and places of the alleged transactions." Poblete v. Goldberg, 680 F. Supp. 2d 18 (D.D.C. Dec. 29, 2009) (dismissing with prejudice complaint comprised of confusing legal theories and insufficient factual pleadings).

Here, the Amended Complaint is entirely deficient. First, Plaintiffs fail to allege with even "modest particularity" the dates and places of any alleged

transaction with either Defendant.[5] <u>See</u> <u>gen</u>. Compl. Plaintiffs allege that "[d]uring 2009…Plaintiffs applied for mortgage assistance…" Am. Compl. ¶ 4. They allege that that they participated in a forbearance program but fail to allege dates. Am. Compl. ¶ 10. They allege they were given "another opportunity" to apply for relief under HAMP in May 2010 but then allege that Plaintiffs were "prematurely terminated from the HAMP program" during "either April, May or June of 2010." Am. Compl. ¶¶ 9-11. This deficiency alone warrants dismissal. <u>See</u> <u>Poblete v. Goldberg</u>, 680 F.Supp.2d 18 (D.D.C. Dec. 29, 2009) (holding that pleading deficiencies that warrant dismissal include failing to allege "with even modest particularity the dates and places of the alleged transactions.").

In addition, the "factual allegations" in the Amended Complaint fail to support a plausible claim for wrongful foreclosure or any other claim for that matter. First, as more fully discussed in Section II, infra, Plaintiffs cannot sustain a claim based upon alleged HAMP violations. Further, the allegations in the Amended Complaint are wholly insufficient and fail to give Defendants notice of any plausible claim against them. <u>See</u> <u>Watts</u>, 495 F.3d 1289, 1295 (11th Cir. 2007)

---

[5] Defendants note that Plaintiffs have alleged no facts relating to the date of origin of Plaintiffs and Defendants' relationship or relating to the date of any alleged conduct, and, therefore, Defendants are unable to determine whether Plaintiffs' claims were filed prior to the expiration of any potentially applicable statutes of limitation periods.

(to properly state a claim, a plaintiff must allege a factual basis for each element of each claim they assert).

Moreover, to allege a claim for wrongful foreclosure, Plaintiffs must establish: (i) a legal duty owed to it by the foreclosing party; (ii) breach of that duty; (iii) a causal connection between the breach of that duty and the injury sustained; and (iv) damages. <u>Brown v. Federal National Mortgage Assn., et al.</u>, 2011 U.S. Dist. LEXIS 31478, *16 (N.D. Ga. Feb. 28, 2011). Plaintiffs have failed to allege a factual basis for any of these elements. Plaintiffs fail to identify (1) any legal duty owed by Defendants to Plaintiffs; or (2) how Defendants violated any such duty. Plaintiffs neglect to allege what, if any, activities BANA or FNMA, respectively, conducted in Georgia related to the Note or Security Deed. Plaintiffs do not include the name of the alleged lender, the amount of the loan, the date on which the loan was entered, or when Plaintiffs stopped making monthly loan payments. Because none of this information is included in the Amended Complaint, Defendants are left with no choice but to guess and speculate about the allegations against them.

Instead, in support of their claim, Plaintiffs conclude, without explanation, that they "fully complied with all of the requirements" and "should have received a modification." Am. Compl. ¶11. They baldly allege that Defendants wrongfully

foreclosed on Plaintiffs "by inducing default by refusing to accept payments from Plaintiffs and by accepting reduced payments from Plaintiffs and then improperly terminating Plaintiffs from the HAMP program." Am. Compl. ¶ 17(f). However, other than one allegation that Plaintiffs' May 2010 payment was returned "for reasons that were never made clear to Plaintiffs" (Am. Compl. ¶ 10), Plaintiffs fail to specify what payments Defendants refused to accept, what reduced payments Defendants agreed to accept, and how Plaintiffs were "improperly terminated from the HAMP program." Thus, Defendants have no notice as to what Plaintiffs are attempting to allege against them. In short, Plaintiffs have simply not alleged any facts to "nudge[] [their] claims … across the line from conceivable to plausible," and the Amended Complaint must be dismissed. Iqbal, 129 S. Ct. at 1951.

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE EACH OF THEIR INDIVIDUAL CLAIMS FAILS AS A MATTER OF LAW.

Although the Amended Complaint should be dismissed for the foregoing reasons alone, each of Plaintiffs' counts for wrongful foreclosure fail as a matter of law, as more fully set forth below.

**A.     Plaintiffs Cannot Bring A Claim Based On Alleged HAMP Violations And, Therefore, Their Wrongful Foreclosure Claims Fail.**

Plaintiffs rely on HAMP as the basis for their first wrongful foreclosure claim.  Am. Compl. Count I.  However, because Plaintiffs lack standing to assert claims for alleged HAMP violations, their claim for wrongful foreclosure must be dismissed

1.     <u>There Is No Private Right Of Action For Violation Of HAMP Guidelines.</u>

"HAMP was created by Congress under the authority of the Emergency Economic-Stabilization Act of 2008.  Pursuant to this program, various mortgage loan servicers entered into Servicer Participation Agreements that require the servicer to perform certain loan modification and foreclosure prevention services described in the agreement and in program guidelines and procedures issued by the Department of the Treasury."  <u>Escobedo v. Countrywide Home Loans, Inc.</u>, 2009 U.S. Dist. LEXIS 117017 *1 (S.D. Cal. Dec. 15, 2009).  Accordingly, like most federal assistance programs, if the loan servicer does not comply with HAMP guidelines, then the federal government may revoke the servicer's right to participate in the program.  However, an aggrieved borrower or member of the public has no private right of action to assert claims for the lender's alleged violation of program guidelines. <u>See</u> <u>Hall v. Wells Fargo Bank, N.A.</u>, No. 7:11-cv-

63(Hl), 2011 U.S. Dist. LEXIS 104615, at *5-*7 (N.D. Ga. Sept. 15, 2011)

("[A]pplying the Cort factors, an implied private right of action under HAMP was

not intended by Congress.").[6]

Federal district courts that have addressed this issue have consistently held

that borrowers do not have an express or implied private right of action under

HAMP and lack standing to assert claims for violations of HAMP guidelines. See

Warren, 2011 U.S. Dist. LEXIS 55777 (S.D. Ga. May 24, 2011); Kabir v.

Statebridge Co., LLC, 2011 U.S. Dist. LEXIS 109778 (N.D. Ga. Sept. 27, 2011);

Nelson v. Bank of America, N.A., No. 11-11091, 2011 U.S. App. LEXIS 22255, at

*4 (11th Cir. Oct. 31, 2011) ("nothing express or implied in HAMP gives

borrowers a private right of action.").[7]

---

[6] See Warren v. Bank of America, No. 4:11-cv-70, 2011 U.S. Dist. LEXIS 55777, at *8-*12 (S.D. Ga. May 24, 2011) ("Neither EESA nor HAMP provide a private cause of action."); Nelson v. Bank of America, N.A., No. 6:10-cv-929-Orl-35GJK, 2011 U.S. Dist. LEXIS 16996, at *2-*4 (M.D. Fla. Feb. 8, 2011) ("Plaintiff has cited no statutory authority or case law to support her allegation that a private right of action exists, and this Court may not infer one in the absence of Congressional intent."); Zoher v. Chase Home Financing, No. 10- 14135-CIV-MOORE/SIMONTON, 2010 U.S. Dist. LEXIS 109936, at *6-*11 (S.D. Fla. Oct. 15, 2010) ("Thus, a claim to an implied right of action under HAMP does not satisfy any of the applicable four factors. Therefore, no private right of action exists and Zoher's claim may not proceed on this basis.").

[7] See Marks v. Bank of Am., N.A., 2010 U.S. Dist. LEXIS 61489, at *16 (D. Ariz. June 21, 2010) (citing Reyes-Gaona v. N.C. Growers Ass'n, 250 F.3d 861, 865 (4th Cir. 2001) (holding that "nowhere in the HAMP Guidelines...does it expressly provide for a private right of action")); accord Berenice Thoreau de la Salle v. America's Wholesale Lender, 2010 U.S. Dist. LEXIS 36319 *3 (E.D. Cal. Apr. 13, 2010) (concluding "there is no private right of action" under HAMP); Simon v. Bank of America, N.A., 2010 U.S. Dist. LEXIS 63480 *26-27 (D. Nev. June 23, 2010) (holding district courts have "consistently" held that borrowers lack standing to

Therefore, Plaintiffs' claims that Defendants (i) violated HAMP guidelines, (ii) failed to give FNMA required certification under HAMP, and (iii) failed to modify the Loan under HAMP must be dismissed because there is no private right of action for Plaintiffs to assert such claims.

<blockquote>

2.    <u>Plaintiffs Lack Standing To State A Breach Of Contract Claim Because They Are Not Intended Third-Party Beneficiaries To The Servicing Agreement Between BANA And Fannie Mae.</u>

</blockquote>

Even assuming that a private right of action exists under HAMP, which Defendants deny, to the extent that Plaintiffs purport to allege a breach of contract claim, such a claim fails because Plaintiffs are not intended third-party beneficiaries of the Servicer Participation Agreement ("SPA") between FNMA and BANA.

It is settled law that a non-contracting third party may recover under a contract *only* where "the evidence shows that the contracting parties *clearly and definitely intended* to confer a benefit upon such third party." <u>BIS Computer Solutions, Inc. v. City of Richmond</u>, 122 Fed. Appx. 608, 611 (4th Cir. 2005); <u>see also</u> <u>Warren</u>, citing <u>Danjor, Inc. v. Corp. Constr., Inc.</u>, 272 Ga. App. 695, 697 (2005). Consequently, "[a] person who benefits only incidentally from a contract

---

assert claims under HAMP because there is no private right of action under HAMP); <u>Villa</u>, 2010 U.S. Dist. LEXIS 23741 at *6 (holding plaintiffs lack standing to assert claim for HAMP violations); <u>Hoffman v. Bank of America, N.A.</u>, 2010 U.S. Dist. LEXIS 70455 *6-7 (N.D. Ca.

between others cannot sue thereon." Id. at 611. Due to this high standard, "[i]t is difficult to demonstrate third-party beneficiary status in the context of government contracts." County of Santa Clara v. Astra USA, Inc., 588 F.3d 1237, 1244 (9th Cir. 2009). Generally, third parties who benefit from a government contract are "assumed to be incidental beneficiaries, rather than intended ones, and so may not enforce the contract absent a clear intent to the contrary." Id.; Warren at *7.

There is nothing in HAMP "which clearly expresses a promissory intent to benefit borrowers." Benito v. Indymac Mortg. Servs., 2010 U.S. Dist. LEXIS 51259 *20-21 (D. Nev. May 21, 2010); see also Lucero v. Countrywide Bank N.A., 2010 U.S. Dist. LEXIS 45340 *9 (S.D. Ca. May 10, 2010) (dismissing plaintiff's breach of contract claim for alleged violations of HAMP, holding there are "no provisions [in HAMP guidelines] requiring Countrywide to modify loans like Plaintiffs"). Accordingly, the courts that have considered whether borrowers may sue for alleged violations of HAMP under a third-party beneficiary theory have uniformly determined that borrowers lack standing to assert such claims. See Warren at *7.[8]

---

June 30, 2010) (holding "plaintiff lacks standing to pursue a breach of the HAMP servicer's agreement because he is not a third party beneficiary").

[8] See Escobedo, No. 09-cv-1557, 2009 U.S. Dist. LEXIS 117017 at *3 (borrowers are merely incidental beneficiaries under a HAMP agreement); Zendejas, 2010 U.S. Dist. LEXIS at *8 (same); see also Perry v. The Housing Auth. Of Charleston, 664 F.2d 1210, 1217 (4th Cir. 1981)

Moreover, even if Plaintiffs were intended third-party beneficiaries to the SPA between FNMA and BANA, which they are not, Plaintiffs' claims would fail because Defendants have no contractual duty to modify Plaintiffs' loan. See Zendejas, 2010 U.S. Dist. LEXIS 64903 at *8 (holding servicers participating in HAMP are not required to modify mortgages); Erdmann v. Preferred Research, Inc. of GA, 852 F.2d 788 (4th Cir. 1988) (party has no duty to "modify the rights and obligations to which the parties had agreed"). Thus, Plaintiffs' claim that Defendants wrongfully foreclosed "by failing to give Plaintiffs a reasonable opportunity to re-instate [the Loan] or to take other action to protect [the Property]" (Am. Compl. ¶ 17(d) and (g)) is without basis in law and therefore fails.

Therefore, "although the overall HAMP program undoubtedly has a goal of assisting homeowners, the HAMP Agreement does not express any intent to grant borrowers a right to enforce the HAMP contract between the government and loan servicer." Benito, 2010 U.S. Dist. LEXIS 51259, at *7 (D. Nev. 2010). In sum, because Plaintiffs are not intended beneficiaries of BANA's agreement with FNMA, they have no standing to assert a cause of action against the Defendants for any of the alleged violations of the HAMP regulations, and their claims must be dismissed.

(there is no implied cause of action for a tenant under HUD, despite the fact that the lease

**B.** **Plaintiffs Fail To State A Claim For Wrongful Foreclosure. (Counts One and Two)**

1. <u>Plaintiffs' First Count of Wrongful Foreclosure Fails as a Matter of Law. (Count One)</u>

In Count I of the Amended Complaint, Plaintiffs attempt to assert a claim for wrongful foreclosure and allege that Defendants: (1) foreclosed while Plaintiffs were participating in HAMP and before a decision had been made as to Plaintiffs' eligibility; (2) foreclosed after "negat[ing] the foreclosure notice"; (3) failed to send the foreclosure notice required by law; (4) failed to give Plaintiffs opportunity to participate in HAMP before foreclosing; (5) failed to give FNMA certification that Plaintiffs had been given the opportunity to qualify for HAMP; (6) induced default by refusing to accept payments and accepting reduced payments and improperly terminating Plaintiffs from the HAMP program; and (7) failed to give Plaintiffs reasonable opportunity to reinstate their home loan or protect their home. (Am. Compl. ¶17).

First, as discussed in Section I, supra, these bald legal conclusions alone cannot sustain a claim for wrongful foreclosure. There are no allegations that support the above-referenced legal conclusions, which purport to serve as the basis for the wrongful foreclosure claim. <u>See</u> Am. Comp. 17(a) -(f). Second, as

---

agreement stated that the landlord must comply with HUD regulations).

discussed in Section II, supra, no private right of action exists under HAMP and Plaintiffs lack standing to state a breach of contract claim, and as such, Plaintiffs cannot enforce any alleged violations of HAMP guidelines.  See Am. Compl. ¶ 17(a), (d), (e), and (g).  Third, while it appears that Plaintiffs also attempt to base their claim for wrongful foreclosure on the allegations that they did not receive the Foreclosure Notice and that Defendants "negated" the Foreclosure Notice, this claim fails as a matter of law.  Am. Compl. ¶ 17 (b)-(c).

In order to allege a claim for wrongful foreclosure in Georgia, a plaintiff must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages."  Brown v. Federal National Mortgage Assn. et. al., 2011 U.S. Dist. LEXIS 31478, *16 (N.D.Ga. Feb. 28, 2011) (internal citations omitted). "A violation of the [foreclosure] statute is necessary to constitute a wrongful foreclosure."  Wigman v. Suntrust Mortgage, Inc., 2010 U.S. Dist. LEXIS 142527, at *28 (N.D. Ga. Feb. 3, 2010), citing McCarter v. Bankers Trust Co., 247 Ga. App. 129, 132 (2000).

O.C.G.A. § 44-14-162.2, entitled "Sales made on foreclosure under power of sale- Mailing or delivery of Notice to Debtor- Procedure" provides, in part, that:

> (a) Notice of the initiation of proceedings to exercise a
> power of sale in a mortgage, security deed, or other lien

contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight deliver, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor. The notice required by this Code section shall be deemed given on the official postmark day or day on which it is received for delivery by a commercial delivery firm….

O.C.G.A. § 44-14-162.2.

Further, "[a] security deed should be construed in favor of allowing exercise of the power of sale." Kabir at *18. An oral and unwritten agreement to forbear from foreclosure proceedings is unenforceable under the Georgia Statute of Frauds. Kabir at *22. Additionally, "[p]romises to forbear from collecting on a debt also require new consideration from the debtor." Id. at *23.

Plaintiffs do not plead facts to support the elements of a claim for wrongful foreclosure. See Am. Compl. In fact, Plaintiffs do not even establish the first element of a wrongful foreclosure — that either of the Defendants had a legal duty to Plaintiffs.

Further, while Plaintiffs allege that they did not receive the Foreclosure Notice and that they do not believe the Notice was sent to them because they did

not receive it, these allegations are insufficient to allege a violation of the foreclosure statute. Under O.C.G.A. 44-14-162.2, it is not necessary to show that Plaintiffs actually <u>received</u> the Foreclosure Notice. <u>McCollum v. Pope</u>, 261 Ga. 835m 411 S.E.2d 874 (1992); <u>Arrington v. Reynolds</u>, 255 Ga. App. 291, 564 S.E. 2d. 870 (2002). Where the record establishes that the Notice was properly addressed and mailed, O.C.G.A. 44-14-162.2 is satisfied. <u>See</u> <u>id.</u> Plaintiffs' own Amended Complaint at Exhibit C conclusively establishes that the Foreclosure Notice was properly addressed to the Plaintiffs at the Property (which Plaintiffs do not deny), and the United States Postal Service tracking information attached to the Notice by Plaintiffs shows that the Notice was mailed to Plaintiffs at the Property. <u>See</u> Am. Compl. Ex. C. Therefore, Plaintiffs' allegations that they did not receive the Foreclosure Notice (which they curiously attach to their Amended Complaint) and that they do not believe that it was sent are therefore insufficient to sustain a claim for wrongful foreclosure. Am. Compl. ¶ 16.

Plaintiffs also conclude that Defendants "negated" the Foreclosure Notice "by telling Plaintiffs, as late as August 5, 2010, that no foreclosure date had been set." Am. Compl. ¶ 17(b). As discussed above, a valid Foreclosure Notice was sent to Plaintiffs. However, even assuming Plaintiffs' allegations are true (Am. Compl. ¶ 12), to the extent Plaintiffs are attempting to allege that an oral

agreement not to foreclose existed between Plaintiffs and Defendants, any claim premised upon those alleged representations is barred by the Georgia Statute of Frauds, which provides that an oral agreement to forbear from foreclosure proceedings is unenforceable . See Kabir. Thus, Plaintiffs fail to sufficiently allege a violation of the foreclosure statutes, and the Security Deed must be construed in favor of allowing the exercise of the power of sale. Id. at *18.

Additionally, "to seek any relief regarding a pending or past foreclosure sale, plaintiff must tender the amount owed under the loan." Taylor v. Wachovia Mortgage Corp., Civil Action File No. 1:07-CV-2671-TWT, 2009 WL 249353, at *5 n.6 (N.D. Ga. Jan. 30, 2009), adopted at *1. Plaintiffs have made no showing that they have tendered the full amount due under the Note or that they are willing to tender the full amount. For all of these reasons, Plaintiffs' claim for wrongful foreclosure must be dismissed.

2. Plaintiffs' Claim that the Foreclosure Notice Was Defective Fails as a Matter of Law. (Count Two)

In Count II, Plaintiffs allege that the Foreclosure Notice sent by BANA was not "factually accurate," and, therefore, BANA was precluded from exercising the power of sale and foreclosing on the Property. Am. Compl. ¶¶ 31-32. However, Plaintiffs fail to state a plausible claim against Defendants, and, to the extent a claim can even be recognized, it fails as a matter of law.

Plaintiffs allege that the Foreclosure Notice was defective because "[u]pon information and belief, Plaintiffs show that the entity having full authority do the things spelled out in O.C.G.A. §44-14-162.2, was Defendant Fannie Mae and Defendant BAC…" Am. Compl. ¶ 33. Plaintiffs further allege that this is evidenced by the immediate transfer of the foreclosed property to "said Defendant." Id. First, as discussed more fully in Section I, supra, Plaintiffs fail to give notice of a plausible claim against Defendants. These allegations alone are insufficient to state a plausible claim against either defendant. Indeed, Plaintiffs' conclusory allegations that the Foreclosure Notice was "defective" and "failed to comply with the requirements of Georgia law," and that BANA "failed to give a factually accurate notice" are all based on this speculative allegation, which is unclear at best. Further, Plaintiffs have not made a single allegation regarding any duty owed by FNMA to Defendants and only allege that BANA "was acting as the agent of and on behalf of Fannie Mae." (Am. Compl. ¶ 3).

However, no matter how Plaintiffs' characterize BANA's acts, their claim fails. To the extent that Plaintiffs attempt to allege that the Notice is defective because it does not list FNMA as an entity having full authority to negotiate or modify the terms of the mortgage, this claim fails as a matter of law. To the extent that Plaintiffs attempt to allege that BANA, as servicer, could not send out the

Foreclosure Notice on secured creditor FNMA's behalf, that theory, too, is incorrect as a matter of law.

O.C.G.A. 44-14-162.2 provides "[n]otice of the initiation of proceedings…shall be given to the debtor by the secured creditor..." However, the law is clear that notice does not have to be given "by the secured creditor" alone and that the secured creditor can direct its loan servicer or authorized agent to provide notice on its behalf. <u>Lacosta v. McCalla Raymer, LLC</u>, 2011 U.S. Dist. LEXIS 5168, at *8-10 (N.D. Ga. Jan. 18, 2011); <u>Kabir</u> at *13 ("nothing in the statutory notice provisions requires notice to come from the actual holder of the Note or Security Deed, or requires disclosure of information regarding any transfer or assignment of the Note or Security Deed to anyone other than the original holder."). Georgia courts have also held that a loan servicer may act as a real party in interest on behalf of a lender. <u>Id</u>.

<u>Lacosta v. McCalla Raymer, LLC</u>, 2011 U.S. LEXIS 5168 (N.D. Ga. Jan. 18, 2011) is also directly on point. In <u>Lacosta</u>, the plaintiff alleged that the secured creditor, or owner of the loan, was the Government National Mortgage Association ("Ginnie Mae"), and, therefore, the foreclosure notice given by BAC Home Loans Servicing, LP did not comply with O.C.G.A. § 44-14-162.2. The <u>Lacosta</u> Court held:

> Plaintiff argues for a very narrow interpretation of Section 162.2. According to Plaintiff's reasoning, the Section's requirement that notice be given "by the secured creditor" is not satisfied by the secured creditor directing its loan servicer or other authorized agent to provide pre-sale notice on its behalf. Such an interpretation of the statute is not tenable.

<u>Lacosta</u> at *8.

Like the plaintiff's claim in <u>Lacosta</u>, Plaintiffs' claim that the Foreclosure Notice is defective because FNMA must be included on the Foreclosure Notice is entirely untenable and must be dismissed.

## C.    Plaintiffs' Claims For Declaratory and Injunctive Relief Are Insufficiently Pled And Must Be Dismissed As A Matter Of Law.

Plaintiffs also seek temporary and permanent injunctive relief against Defendants.  Am. Compl. ¶¶ 25, 27, 37. 39.  However, these claims for relief fail as a matter of law and must be dismissed.

It is settled law in this Circuit that a temporary restraining order is an "extraordinary and drastic remedy[.]"  <u>See</u> <u>Zardui-Quintana v. Richard</u>, 768 F.2d 1213, 1216 (11th Cir. 1985).  To obtain such relief, a movant must demonstrate:

> (1) a substantial likelihood of success on the merits of the underlying case, (2) the movant will suffer irreparable harm in the absence of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by the opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.

<u>Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.</u>, 299 F.3d 1242, 1246-47 (11th Cir. 2002).  Plaintiffs have failed to make such a showing here — particularly, for the reasons stated herein, in regards to a substantial likelihood of success on the merits — and accordingly a temporary and permanent restraining order or injunctive relief is inappropriate.  <u>See</u> <u>Lacosta v. McCalla Raymer</u>, LLC, 2011 U.S. Dist. LEXIS 5168, 4-5 (N.D. Ga. Jan. 18, 2011).

Additionally, Federal Rule of Civil Procedure 65(c) states: "The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  <u>Lacosta</u>, 2011 U.S. Dist. LEXIS 5168 at 4-5.  Plaintiffs have made no offer to tender any security.  <u>Id.</u>  Accordingly, Plaintiffs' request for temporary injunctive relief must be denied.

<u>CONCLUSION</u>

WHEREFORE, this Court should grant Defendants' Motion to Dismiss pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6), and for such other and further relief as the Court deems equitable and appropriate under the circumstances.

This 30th day of November, 2011

        /s/ Andrew G. Phillips
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
(404) 443-5724 (telephone)
(404) 443-5773 (facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendants Bank of America, N.A. and Federal National Mortgage Association*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KAREN BANKS and                          )
ANTOINE BANKS,                           )
                                         )
        Plaintiffs,                      )        CIVIL ACTION FILE
                                         )        NO. 1:11-cv-04049-SJC
v.                                       )
                                         )
BAC HOME LOANS SERVICING LP and          )
FEDERAL NATIONAL MORTGAGE                )
ASSOCIATION,                             )
                                         )
        Defendants.                      )
                                         )

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on November 30, 2011, I electronically filed the foregoing *Memorandum of Law in Support of Motion to Dismiss* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

                                    /s/ Andrew G. Phillips
                                   Andrew G. Phillips